IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2013

**STATE OF TENNESSEE v. STEPHEN M. HERNANDEZ**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-D-3438    Monte Watkins, Judge**

_____

**No.  M2012-01140-CCA-R3-CD - Filed June 11, 2013**

_____

Appellant, Stephen Miguel Hernandez, and co-defendant, Justin Dexter Brummett, were indicted by the Davidson County Grand Jury in October of 2010 for first degree murder and aggravated robbery.  After a jury trial, Appellant was found guilty of felony murder and the lesser included offense of facilitation of aggravated robbery.  As a result of the convictions, Appellant was sentenced to life in prison for the felony murder conviction and five years for the facilitation of aggravated robbery conviction, to be served concurrently with the life sentence.  After the denial of a timely motion for new trial, Appellant appealed.  On appeal, he challenges the sufficiency of the evidence, particularly the credibility of his accomplice's testimony.  After a thorough review of the record and authorities, we determine that the testimony of co-defendant Brummett was sufficiency corroborated by other State witnesses.  Further, the jury assessed the credibility of the witnesses and determined that the evidence was sufficient to support convictions for felony murder and facilitation of aggravated robbery, a task within their province.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Lonnie Maze, III, Nashville, Tennessee, for the appellant, Stephen Hernandez.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On September 7, 2010, the victim, Tommy Lee Perkins, was found lying deceased in a street near several motels and a bar. His pockets were turned inside out. It appeared that he was beaten to death. The medical examiner, Dr. Thomas Deering, concluded that the cause of death was blunt force trauma to the head. Dr. Deering opined that the moderate to severe force was inflicted while the victim was lying down. There were no obvious bruises or scratches on the victim to suggest that he was engaged in offensive behavior prior to his death.

During the investigation, it was discovered that the victim was living in a nearby hotel. Upon inspection by authorities, the room was found neat and orderly.

Several days after seeing a television report about the victim's death, co-defendant Brummett contacted the police. As a result of the information he gave to police, Appellant and Brummett were indicted for their role in the murder and aggravated robbery of the victim.

At trial, Brummett testified that he went to Appellant's trailer on the night of September 6, 2010. Appellant lived in the trailer with his girlfriend, Sherry West. The men were drinking alcohol. After a bit, they decided to walk to a bar that was nearby on Brick Church Pike.

At the bar, they had several drinks and met a third man, who was merely described as African-American. The three men left the bar around midnight. On the way back to Appellant's trailer, they saw the victim walking toward them. According to Brummett, Appellant stated that he was "going to run up and see what he's got." Brummett heard Appellant say something like he was trying to rob him. Brummett never saw the victim hit anyone. By the time Brummett and the third man approached the victim, Appellant had already hit him, and the victim was on the ground. Brummett hit the victim, too. Appellant kicked the victim in the head several times. At that point, Brummett pulled Appellant away, and they fled the scene.

Back at the trailer, Appellant told Brummett that he took three dollars from the victim. Brummett admitted that he initially lied to police and told them that the victim tried to rob them.

Sherry West testified that Brummett and Appellant went to the bar that night even though Ms. West did not particularly like Brummett. The next morning, Brummett was

sleeping on the couch in the trailer. When he saw the news about the victim, Ms. West described Brummett as upset.

Ms. West stated that Appellant initially denied killing the victim but later admitted that he got into a fight with the victim after the victim cursed him. Appellant told her he was merely acting in self defense but that Brummett got into a fight with the victim and went through the victim's pockets before they ran off to the trailer.

When Appellant turned himself in to the police, his hands were swollen. Appellant testified at trial that the victim approached him, Brummett, and the other man and threatened to kill them if they did not give him money. Appellant claimed that he hit the victim, and the victim fell and hit his head on the pavement. Appellant admitted that he hit the victim two more times but denied that he kicked the victim. Appellant claimed that it was Brummett who took the money from the victim's pockets.

Forensic evidence indicated that DNA from two people was on the victim's left and right front pockets as well as back left pocket. The victim was the major contributor of the DNA. There was DNA from three people on the right rear pocket. The victim was the major contributor, and Appellant and Brummett were excluded. A small bloodstain on the victim's belt matched Brummett.

At the conclusion of the proof, the jury convicted Appellant of felony murder and the lesser included offense of facilitation of aggravated robbery. After the denial of a motion for new trial, Appellant perfected this appeal to challenge the sufficiency of the evidence.

*Analysis*

On appeal, Appellant contends that the evidence does not support his convictions. Specifically, Appellant challenges the credibility of co-defendant Brummett's testimony and argues that it was not corroborated. Further, Appellant insists that he acted in self defense. The State disagrees.

To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally deemed with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914

(Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.*

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011). As such, all reasonable inferences from evidence are to be drawn in favor of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *See Tuggle*, 639 S.W.2d at 914.

On appeal, Appellant does not argue that the State failed to prove the elements of the offenses for which he was convicted. Instead, he contends that Brummett's testimony was not corroborated sufficiently.

Convictions may not be based solely upon the uncorroborated testimony of an accomplice. *See State v. Robinson*, 971 S.W.2d 30, 42 (Tenn. Crim. App. 1997). Tennessee law, however, requires only a modicum of evidence to sufficiently corroborate such testimony. *See State v. Copeland*, 677 S.W.2d 471, 475 (Tenn. Crim. App. 1984). The law in Tennessee regarding accomplice testimony has been described as follows:

> The rule, simply stated, is that there must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the

defendant is implicated in it; and this independent corroborative testimony must include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence.

*State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994) (superceded by statute on unrelated grounds, T.C.A. § 39-13-204(c) (1998)) (citations omitted). "Only slight circumstances are required to corroborate an accomplice's testimony." *State v. Griffis*, 964 S.W.2d 577, 589 (Tenn. Crim. App. 1997). Whether sufficient corroboration exists is a determination for the jury. *Bigbee*, 885 S.W.2d at 803.

In the case herein, the State presented evidence at trial establishing Appellant's guilt and corroborating Brummett's testimony. Ms. West testified that Appellant admitted to getting into a fight with the victim and denied taking the victim's money. Appellant's hands were swollen when he turned himself in to police. Appellant gave conflicting statements to police at the time of his interview. Further, DNA evidence indicated the presence of DNA of someone other than the victim on both front pants pockets. This evidence is sufficient to corroborate the testimony of Brummett. Moreover, when coupled with the testimony of Brummett, the evidence is more than sufficient to establish Appellant's guilt. Appellant is not entitled to relief on this issue.

### *Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE